**DANVILLE TOBACCO ASSOCIATION et al., Plaintiffs,**

v.

**Orville L. FREEMAN, Secretary of Agriculture, Defendant.**

**Civ. A. No. 4048-61.**

United States District Court
District of Columbia.

March 3, 1964.

———o———

Edmund D. Campbell, Benj. W. Dulany, Washington, D. C., Robert V. Brawley, Winston-Salem, N. C., R. Paul Sanford, Danville, Va., for plaintiffs.

David Acheson, U. S. Atty., Sylvia A. Bacon and Judah Best, Asst. U. S. Attys., Office of the United States Attorney, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This matter came on for hearing before the Court, sitting without a jury, on January 27 and 28, 1964. Plaintiffs seek a declaratory judgment and injunctive relief and ask the court to declare invalid certain regulations promulgated by the Secretary of Agriculture pursuant to The Tobacco Inspection Act of 1935, and identical regulations promulgated under the Commodity Credit Corporation Charter Act of 1948. Plaintiffs also seek judicial review of an administrative determination of the Secretary of Agriculture regarding the aforementioned regulations.

The Court having considered the stipulated facts, the pleadings, and the rec-

ord, now makes the following findings of facts and conclusions of law.

### Findings of Fact

1. Two of the plaintiffs, the Danville Tobacco Association and the Winston-Salem Warehouse Association, are trade associations representing owners and operators of tobacco warehouses in Danville, Virginia and Winston-Salem, North Carolina. The remaining parties plaintiff are owners or operators of tobacco warehouses in Danville and Winston-Salem.

The defendant is Orville L. Freeman, Secretary of Agriculture.

2. Prior to 1942, the then Secretary of Agriculture had promulgated certain regulations under The Tobacco Inspection Act of 1935 (7 U.S.C. § 511), designating certain markets throughout the country where tobacco might be sold at auction. Among the places so designated, and for which price supports were provided, were Danville, Virginia and Winston-Salem, North Carolina.

3. In addition to designating markets, the Secretary further authorized certain markets to hold multiple "sales". A sale is an individual sub-market within a designated market. For each designated sale, the Secretary has required that there be furnished by him inspectors and graders who, just prior to the sale, examine the tobacco to be offered at the auction and indicate the grade of the tobacco to be sold. No tobacco may be offered for sale at auction on any designated market or sale until it has been inspected and certified by an authorized representative of the Secretary. Criminal penalties are provided for violation of these provisions of the Act.

4. Under the Commodity Credit Corporation Act of June 29, 1948 (15 U.S.C. § 714), the Secretary also promulgated regulations providing that if any tobacco which is sold at auction on designated markets or at designated sales does not bring certain minimum prices, then such tobacco will be acquired as collateral for loans made by the Stabilization Board.

5. On July 2, 1958, the Secretary promulgated certain amended regulations under The Tobacco Inspection Act and under the Commodity Credit Corporation Act, said amended regulations under the two Acts being identical and reading in part as follows:

"REASONABLE INSPECTION AND PRICE SUPPORT SERVICES. The extension of tobacco inspection and price support services to new markets and additional sales will be conditioned upon the reasonableness of such services existing in the applicant market area. Transactions in tobacco as conducted at auction markets involve the sale of tobacco at a bona fide auction sale participated in by an adequate set of buyers. Determination with respect to reasonableness, and consequently with respect to granting or denying additional services, will be based on evidence (1) that the applicant market or sale will function as a bona fide auction sale and *has firm commitments from an adequate set of buyers that they will participate in the sale if inspection and price support services are provided.* \* \* \* 7 C.F.R. 29.2(a) and 6 C.F.R. 464.-1017(a)." (emphasis supplied).

"291. DEFINITIONS. As used in this subpart, the following terms shall have the following meanings:

\* \* \* \* \* \*

"(b) 'Adequate set of buyers' shall mean 5 or more buyers representing 5 or more companies or buying organizations who could reasonably be expected to purchase at least two-thirds of the total U. S. production of the kind of tobacco for which the additional services are requested. 7 C.F.R. 29.1(b) and 6 C.F.R. 464.-1016(b)."

6. On or about April 24, 1961, plaintiffs, the Danville Tobacco Association and the Winston-Salem Warehouse Association, pursuant to the Tobacco Inspection Act regulations, 7 C.F.R., Part 29, filed applications with the defendant for additional inspection and price sup-

port services to permit an additional or fifth sale each in the Danville and Winston-Salem markets. Hearings on these applications were held beginning May 24, 1961 in the two cities.

7. On June 2, 1961 plaintiffs, the Danville Tobacco Association and The Winston-Salem Warehouse Association, filed a petition for the repeal of those provisions of the regulations which provide that a determination on an application for inspection and price support services for an additional sale shall be based on evidence that the applicant sale will function as a bona fide auction sale and has firm commitments from an adequate set of buyers that they will participate in the sale if inspection and price support services are provided. It was also proposed to delete the definition of "adequate set of buyers" and the provision of the regulations placing the burden of proof upon the applicant to show by documentary evidence or testimony of buying organizations which buying organizations are committed to participate in the sale.

8. Notice of proposed rule-making in connection with the foregoing petition for repeal of the above-described regulations was published in the Federal Register on July 25, 1961 (26 F.R. 6625) in accordance with Section 4 of the Administrative Procedure Act (5 U.S.C. § 1003). Pursuant to the notice, some 180 written submissions of data, views, and arguments were filed with the Hearing Clerk of the Department of Agriculture. One hundred and seventy-three of these submissions opposed the repeal proposal.

9. On September 7, 1961, the Secretary issued a decision denying the application for additional market services. The Secretary found that the tobacco inspection and price support services on each of the applicant markets were reasonable and adequate. The Secretary also determined that the need for additional sale and additional services was not shown for either applicant market.

10. On September 7, 1961, the Secretary issued a decision denying the petition for repeal and concluding that re-

peal of or deletion of these regulations would not be in the best interest of the tobacco growers, the industry, or the public.

11. The parties plaintiff other than Danville Tobacco Association and the Winston-Salem Association did not participate as petitioners in the petition for repeal or as applicants in the application for additional services.

12. Following the denial of their petition for repeal of the aforesaid regulations, plaintiff warehouse associations, together with other individual warehousemen, filed this present action for declaratory judgment and injunctive relief under the Federal Declaratory Judgments Act (28 U.S.C. § 2201) and Section 10 of the Administrative Procedure Act.

### Conclusions of Law

1. The Court has jurisdiction over the subject matter of this action.

2. The Plaintiffs have exhausted their administrative remedies.

3. The administrative findings of the Secretary of Agriculture, dated September 7, 1961, denying the application for additional market services, are supported by substantial evidence.

4. The regulations issued by the defendant on July 2, 1958, by virtue of the authority contained in The Tobacco Inspection Act and the Commodity Credit Corporation Charter Act, were properly and lawfully issued and within the scope of his authority in all respects. The regulations here challenged are valid and constitute a proper and rational exercise of the rule-making power conferred upon the Secretary by The Tobacco Inspection Act.

5. The decision by the Secretary of Agriculture of September 7, 1961 denying the petition for repeal is reasonable and supported by the record. The administrative record indicates that the Secretary has acted lawfully and within the scope of the powers conferred upon him under The Tobacco Inspection Act.

6. The proceedings under which the petition for repeal was held were reg-

ular and orderly, and consistent with the requirements of the Administrative Procedure Act.

7. Plaintiffs have failed to sustain their burden of proof of demonstrating procedural irregularities in the rule-making proceeding initiated by the petition filed on June 2, 1961.

8. Plaintiffs have failed to sustain their burden of showing that the regulations promulgated by the Secretary are arbitrary and capricious.

9. Defendant is entitled to judgment.

Counsel for defendant will present an appropriate order.